IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHNNIE LEE HUDSON                                                              PLAINTIFF

v.                                                                        No. 4:06CV181-P-A

MDOC, ET AL.                                                                   DEFENDANTS

## ORDER DENYING MOTION
## TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion [11] to alter or amend the court's February 1, 2007, judgment dismissing this case. The plaintiff argues that the Mississippi Department of Corrections did not correctly follow its policy regarding the confiscation of an inmates non-allowable property items – or the procedure used to send those items to the inmate's home. He argues that the policy provided for family members to pick up property items from the prison during visitation and that the defendants would not permit the plaintiff's brother to pick up the property in question. The defendants told the plaintiff that he would have to mail the items home, rather than have his brother pick them up, and the plaintiff was given the opportunity to do so.

The plaintiff argues that this procedure is unfair because his account is constantly being debited to pay the filing fees in the many federal cases he has filed. As such, the plaintiff argues that he did not have sufficient funds to cover the postage required. The court finds that this is precisely the deterrent effect Congress sought in the passage of the Prison Litigation Reform Act ("PLRA"). Indeed, a congressional objective in enacting the PLRA was to "mak[e] all prisoners feel the deterrent effect created by liability for filing fees." *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001), *citing* Leonard *v. Lacy*, 88 F.3d 181, 182-84 (2d Cir. 1996).

Finally, the plaintiff has not addressed the primary rationale for dismissal of this case – that mere negligence resulting in the loss of the plaintiff's property does not rise to the level of a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The plaintiff's complaint alleges – at most – negligence. As such, the instant motion [11] to alter or amend judgment is hereby **DENIED.**

**SO ORDERED,** this the 28th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE